O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS VLADIMIR FLORES, a individual,<br><br>Plaintiff,<br><br>v.<br><br>M&C HOTEL INTERESTS, INC., a Delaware corporation, d.b.a. MILLENNIUM BILTMORE HOTEL,<br><br>Defendants. | Case No. CV 15-00418 DDP (PJWx)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Dkt. No. 9] |

This matter comes before the Court on Plaintiff Flores' Motion to Remand. After reviewing the materials submitted by the parties and considering the arguments therein, the Court DENIES Plaintiff's motion.

**I. BACKGROUND**

Plaintiff, Douglas Vladimir Flores, brings claims against his former employer, Defendant, Millennium Biltmore Hotel, for failure to pay him all wages due, failure to provide meal and rest periods, failure to pay overtime wages, failure to pay minimum wage, failure to issue accurate itemized wage statements, and failure to pay

wages upon termination. As a result, Plaintiff alleges Defendant has committed unlawful business practices.

Plaintiff was employed as a housekeeper for the Defendant from November 5, 2004 to March 6, 2014. (Complaint ¶ 11.) Plaintiff worked approximately 40 hours per week, five days per week. (Id. ¶ 12.) In addition, Plaintiff worked on Saturdays. (Id. ¶ 11.) Plaintiff's last rate of pay was $16.20 per hour. (Id. ¶ 11.)

Plaintiff alleges he was not provided with all required meal breaks and rest periods during his weekly work schedule. (Id. ¶ 13.) Plaintiff alleges he was forced to do work off the clock and before his 30 minute meal break had ended. (Id. ¶ 13.) Plaintiff alleges he was not provided full ten minute rest breaks for each day worked. (Id. ¶ 14.) Plaintiff alleges the Defendant is responsible for paying Plaintiff overtime wages for the time he worked off the clock. (Id. ¶ 15.) Plaintiff alleges from four years preceding the filing of this complaint, Defendant has adopted unfair business practices to minimize its employees compensation and increase its profits. (Id. ¶ 17.)

Plaintiff filed his complaint in state court on October 2, 2014. On December 22, 2014, Defendant was served with the Complaint. On January 21, 2015, Defendant removed the complaint to this Court based upon diversity jurisdiction. On March 23, 2015, Plaintiff filed a Motion to Remand this action to state court based on the Defendant's inability to meet diversity jurisdiction. Plaintiff alleges Defendant's removal papers fail to demonstrate that the amount in controversy exceeds $75,000.

///

///

**II. LEGAL STANDARD**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.  See 28 U.S.C. § 1332(a)(1).

When plaintiffs move to remand the case to state court and their complaint alleges damages less than the jurisdictional threshold for diversity cases but does not specify a total amount in controversy, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

**III. DISCUSSION**

Plaintiff argues the state complaint provides specific amounts sought for each cause of action totaling below the jurisdictional threshold; therefore, Defendant cannot say to a legal certainty that Plaintiff's claims exceeds $75,000.  Defendant argues that while Plaintiff's complaint includes some itemized amounts of recovery, the complaint does not specify the total amount in controversy in this action.  Rather, Defendant argues that the amount in controversy is reached by taking into consideration the additional compensatory damages, attorneys' fees, and punitive damages.  The Court agrees.  Plaintiff's complaint specifies some damages amounts but is ambiguous or unclear as to other amounts. The burden is therefore on Defendant to prove by a preponderance of

3

evidence that the amount in controversy exceeds $75,000. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398,403(9th Cir. 1996) (court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence).

The specific amounts Plaintiff seeks in his prayer for relief include: "unpaid premium wages for missed breaks, including, $8,699 for missed meal breaks, and $14,499 for missed rest breaks" under his second cause of action; "unpaid minimum wages in the amount of $7,248 and liquidated damages in the amount of $7,249" under his fourth cause of action; "all penalties in accordance with Labor Code §201, 202, and 203, including, a $4,253 wage penalty" under his fifth cause of action; and a maximum of $4,000 in penalties under his sixth cause of action. These itemized amounts total to $45,948.

Defendant notes, however, that in addition to the itemized amounts, Plaintiff seeks to recover an unspecified amount in excess of these itemized calculations. Plaintiff's prayer for relief sets forth generalized forms of relief that contribute to the amount in controversy. For example, Plaintiff seeks to recover "all unpaid wages according to proof." (Complaint, Prayer for Relief ¶ 2.) The amount in controversy as to all unpaid wages, therefore, has not been specified, but has been strategically left to be determined by the trier of fact.

Plaintiff also seeks to recover statutory penalties for Defendant's failure to pay minimum wages, but does not assert a specific figure he wishes to recover.[1] Statutory penalties include

---

[1] In addition to seeking penalty fees for failure to pay
(continued...)

4

a $100 fee for the initial failure to pay all minimum wages and $250 for each subsequent failure to do so.[2] (Compl., Prayer for Relief ¶ 14.) Defendant has calculated the penalty fees Plaintiff to recover to be $25,850. (Def.'s Notice of Errata at 3.) Specifically, assuming a biweekly pay period Plaintiff's potential statutory penalties for the first year amounts to $6,350 (($100 (initial penalty fee)) + (25 (remaining pay periods per year) x $250 (subsequent penalty fees)). For the subsequent years, Plaintiff's potential penalties amount to $6,500 (26 pay periods per year x $250). In total, applicable penalties may run to $25,850 for four years ($6,350 + (3 (years) x $6,500)). The Court finds these calculations to be reasonable based the applicable statutory provisions.

    Plaintiff also seeks attorney's fees. (Compl., Prayer for Relief, ¶ 4 (seeking "attorney fees and costs under all applicable statutes alleged herein").) As part of this motion, Plaintiff seeks attorneys fees in the amount of $4,037.50. (Pl.'s P&A at 9.) It is alleged that Plaintiff's counsel has spent 8.5 hours

---

[1](...continued) minimum wage, Plaintiff seeks penalty fees under his third, fifth, and sixth, and seventh causes of action but does not include specific amounts.

[2]Cal. Labor Code § 1197.1 provides in part, "Any employer who pays or causes to be paid to any employee a wage less than the minimum fixed by any order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) for any violation that is intentionally committed, one hundred dollars for each underpaid employee for each pay period for which the employee is underpaid. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars for each underpaid employee for each pay period for which the employee is underpaid."

litigating this case. Therefore, Plaintiff's counsel's hourly billing rate in this matter is assumed to be $475.

Defendant argues that additional attorney's fees will be incurred before the case is fully adjudicated. For example, Defendant avers that it intends to depose Plaintiff. Defendant anticipates Plaintiff's deposition to last at least seven hours. Defendant argues the deposition alone will cost Plaintiff $3,325,[3] irrespective of the fees incurred in connection with preparing for Plaintiff's deposition, reviewing the transcript, and similar tasks. Defendant also asserts that the trial will last two days. Under this assumption, the total cost of attending the trial, excluding trial preparation, could amount to $7,600.[4] Thus Defendant's estimate of the minimum attorney's fees Plaintiff could recover in this action is $10,925, exclusive of the attorney's fees sought in this motion.

Defendant's estimate of the work remaining in this litigation is conservative and reasonable. Even if the case does not reach the trial stage, motion practice alone could require a similar number of hours. This is to say nothing of hours spent on discovery. Plaintiff's total attorneys' fees could therefore easily total $10,000 or, likely, substantially more.[5]

---

[3] $3,325 = ($475 x 7 hours)

[4] $7,600 = ($475 x 16 hours)

[5] The Court used the most reasonable and conservative figures provided by Defendant in determining attorneys' fees. At a bare minimum, the Court agrees that Plaintiff is expected to incur at least $14,962.50 (($4,037.50 + $3,325 + $7,600) in attorneys' fees.

Taking all of these figures into consideration, the Court finds that Defendant has established by a preponderance of evidence that Plaintiff's amount in controversy exceeds $75,000.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: April 14, 2015

DEAN D. PREGERSON
United States District Judge